**Haller v. Mt. Lebanon Parking Authority**

*Elder W. Marshall, David McN. Olds, Jacob Frank* and *Reed, Smith, Shaw & McClay,* for plaintiff.

*William H. Eckert, Frank L. Seamans* and *Smith, Buchanan, Ingersoll, Rodewald & Eckert,* for defendant.

KENNEDY, J., July 18, 1955.—Mt. Lebanon Parking Authority, defendant above, on May 6, 1954, passed a resolution appropriating a piece of plaintiff's ground approximately 100 feet x 75 feet "for the purpose of constructing, maintaining and operating facilities to be devoted to the parking of vehicles of any kind". On May 21, 1954, defendant's counsel filed a petition for the appointment of a board of viewers in this court at no. 1794, July term, 1954. In the order appointing the viewers, they were directed to view the property on June 15, 1954. On June 8, 1954, plaintiff filed its complaint in equity at the above number and term

seeking a decree enjoining defendant from proceeding further with the condemnation under its powers of eminent domain. Plaintiff claims that about one half of this property is exempt from appropriation by a parking authority because at the effective date of the statute involved, May 10, 1951, this part of the land was and still is being used "as a facility or facilities for parking of motor vehicles". On June 11, 1954, counsel for the parties stipulated the condemnation proceeding should remain in abeyance until disposition of this case on final hearing. The chancellor in a lengthy adjudication concluded plaintiff had not proved its case and directed nisi that the complaint be dismissed.

Defendant, by counsel, has filed numerous exceptions to findings of fact, conclusions of law, to the decree nisi and "Chancellor's failure to adopt" plaintiff's request for 37 findings of fact and conclusions of law.

The amendatory Act of May 10, 1951, P. L. 291 sec. 10, granted to parking authorities the power of eminent domain with some certain properties, because of their use, exempt. The one involved here is stated thus: ". . . nor property which at the effective date of this Act is used as a facility or facilities for the parking of motor vehicles, so long as said property is continuously so used, and so long as the operation of the said facility complies with parking and traffic ordinances of the city, borough and township of the first class shall be taken under the right of eminent domain."

Plaintiff does not contend that it, or its lessee, operated a commercial parking lot, as that business is conventionally understood. However, one of the contentions of plaintiff was that from before May 10, 1951, and continuously thereafter, the public was informed the lot was available for free parking to any

who wished to so use it. The testimony in support of this claim was so tenuous, and the proof to the contrary so overwhelming, that the chancellor would have been in error if he had not made a finding that the lot was never available to the public generally for free public parking.

Plaintiff claimed its lessee, Mt. Lebanon Garage Co., parked many autos on the lot daily awaiting repairs, etc., and also some of its own motor equipment, and to that extent kept these vehicles off the public streets. It further contended permission was granted to members of a nearby church to park on Sundays, and evenings when services were being held, and as many as 15 to 20 at a given day or evening availed themselves of this privilege; that the president of plaintiff company, John Haller, or the president of the Garage Co., Fred Haller gave parking privileges to 10 or more customers or friends to park when space was available; that other licensees and trespassers used the lot to park, mostly between lengthy intervals and for short periods. The chancellor found in favor of plaintiff in these contentions and in separately numbered findings of fact. Exceptions however have been filed to these findings. The oral argument and brief supporting these exceptions do not claim these findings are inaccurate, but only that they do not adequately reflect the weight of the evidence. A reading of these findings will disclose they are quite comprehensive. A fact finder is not required to give full credence to testimony even if not controverted, especially when the testimony deals with estimates and approximations, and the witnesses, because of past favors, would be as favorable to plaintiff as their oaths and consciences would permit. It is also stated in the discussion:

"It might be here mentioned that most of the requests for findings of fact having to do with who used the lot for parking, how frequently, over what period

of time, by what authority, etc., as submitted by plaintiff's counsel are accurate factually but were not adopted verbatim so that this Adjudication would not be unduly lengthy."

Surely if plaintiff's interpretation of the legislative intent in exempting "a parking facility" is correct, and that a showing that street parking in a given area is materially relieved of more demands for space by autos awaiting repair or servicing, etc., at an adjacent garage being placed in a lot, that customers, licensees and trespassers sometimes use the lot for parking, then the findings of fact to that effect are sufficiently fair and adequate to raise the legal question squarely and unequivocally. Plaintiff's exceptions nos. 1 to 17 inclusive will be dismissed.

The chancellor found the primary purpose and use of the lot was in carrying on the Ford Agency sales, and general repair and servicing business of Mt. Lebanon Garage Co., and not a free public parking enterprise. In the discussion a conclusion was reached that the secondary use of the lot for parking, by a relative few at sporadic intervals, and that as permittees, licensees or trespassers they were neither bailees nor renters of ground space, it was not the intent of the legislature that even the combination of the dual uses would immunize the land from condemnation by a parking authority. The reasoning in the discussion is now incorporated in this opinion as if set forth in full.

Based on the interpretation above mentioned the conclusions of law are to the effect that the lot was not exempt from condemnation and that the appropriation resolution of defendant was valid, effective and enforceable.

Therefore, plaintiff's exceptions nos. 18 to 21, inclusive, and exception no. 61, to the decree nisi dismissing the complaint, will also be dismissed.

Plaintiff in its exception no. 23 complains that no finding determined that the unimproved area in the lot in question adaptable for vehicular parking or isles was 8,439 square feet. After May, 1952, when a large shade tree was removed from the yard in front of the small frame house which is still on the lot that calculation is reasonably accurate and the findings are so amended.

Exceptions nos. 22 to 45 inclusive state in each of them: "plaintiff excepts to the Chancellor's failure to adopt plaintiff's Request for Finding of Fact No. . . .", and then follows the request number. These exceptions and additional exceptions of like tenor as to plaintiff's requests for conclusions of law might well be dismissed without comment for the equity rules do not require a chancellor to adopt any requests. In the first instance requests for findings and conclusions are simply an aid in formulating the adjudication. The chancellor has the privilege of molding his findings and conclusions in his own language. Rule 1518 allows exceptions "to failure or refusal to find any matter of fact or law *substantially* as requested". It is to be noted that plaintiff does not state that these requests were not substantially ruled upon in the findings of fact, either by finding relatively as requested, or by findings contra to the requests. It is held in Morris v. Featro, 340 Pa. 354 that in such circumstances, specific answers to such exceptions are not required. However, as earlier pointed out, the findings and the discussion substantially disposed of all of these requests and, therefore, they will be dismissed.

Plaintiff's exceptions nos. 46 to 60 inclusive are in the same category as exceptions nos. 22 to 45 and are "for failure to adopt its Request for Conclusion of Law No. . . .". For the reasons stated, these exceptions will be dismissed.

152

In some of these later exceptions the legal sufficiency of the appropriation resolution of defendant is raised and an effort is made to create it as an issue in this proceeding. Based on the reasons set forth in the later part of the discussion, but for the record, these exceptions will also be dismissed.

*Final Decree*

Now, July 18, 1955, all exceptions ex parte plaintiff to findings of fact, conclusions of law, to decree nisi and to failure to adopt certain requests of plaintiff for findings and conclusions are hereby dismissed, except the area of the lot involved in this proceeding adaptable for parking vehicles, 8,439 sq. ft., which is sustained.

It is further ordered, adjudged and decreed that the prayer in the complaint for an injunction is refused, and the complaint is hereby dismissed. Plaintiff is to pay record costs only, and defendant is not to file a witness bill.

Eo die exception is noted to plaintiff, Haller Properties Inc., and bill sealed.